# Henry E. Switzer, plaintiff in error, *vs.* John Gowdy, defendant in error.

## *Error to Cedar.*

The action of trespass *quare clausum fregit*, being local, must be instituted in the county where the trespass is committed. [*Quere*—can the writ be directed to the sheriff of any other county ?]

Where a defendant appears by his attorney, and consents that a judgment may be rendered up against him, with stay of execution, &c., it is a waiver of objections to the jurisdiction of the court, and of any irregularity in the mesne process.

This was an action of trespass brought by John Gowdy against Henry E. Switzer, in the District Court of Linn county, and a change of venue to Cedar.

A capias ad. re. was issued by the clerk of Linn, directed to the sheriff of Cedar, and a *cepi corpus* returned.

The declaration sets out, that on the 14th of April 1840, the defendant, Switzer, with force and arms, broke and entered the dwelling house of the plaintiff, in the county of Linn, and committed divers trespasses, &c.

At the October term 1841, the defendant, by his attorney, moved to quash the writ:

1. Because it was directed to the sheriff of Cedar county by the clerk of the court of the county of Linn; and that the defendant was arrested by the sheriff of Cedar and not by the sheriff of Linn county.

Which motion was overruled by the court.

The defendant then plead not guilty.

Afterwards, to wit, at the October term, 1842, of the District Court of Cedar, the defendant withdrew his plea of not guilty, and by an agreement of the counsel for the parties, the defendant agreed to suffer a judgment of guilty, and damages to the amount of five hundred dollars to be entered against him, in favor of the plaintiff, together with costs. And the plaintiff agreed to a stay of execution for six months. The defendant waiving no error, and the plaintiff denying the right to make the reservation at the time.

The defendant below seeks as plaintiff in error to reverse the said judgment. And assigns for error:

1. A capias ad respondendum was directed and issued from the county of Linn, to the sheriff of the county of Cedar, whereas a capias ad respondendum does not legally run from one county to another in this territory, therefore in this there is manifest error.

2. In the rendition of the judgment aforesaid, it is made to appear, that this judgment is by confession, when in truth it is a judgment by default; therefore in this there is manifest error in the record.

WHICHER, for plaintiff in error:

The error relied on to reverse the judgment below is that the capias ad respondendum, by which writ this suit was commenced, was directed

32

to the county of Cedar as set forth in the bill of exception: Can a
writ run to any part of the territory? The plaintiff infers that it cannot:

1. From the course of legislation on this subject, Congress has enac-
ted that the legislative power of Iowa shall extend to all rightful subjects
of legislation. Organic Act, s. 6. The legislature of Iowa has enac-
ted (Laws of Iowa 1839, p. 53, s. 2 & 3) that an attachment may issue
in actions *ex delicto* in cases where bail has been ordered and a capias
issued thereon, &c. After some other provisions the statute directs in
reference to cases *ex delicto* that "in other respects the proceedings
shall be the same as in actions founded on contract." In actions
personal the statute provides, p. 379, s. 41, that "when there is more
than one defendant, the plaintiff commencing his action where either of
them reside, may have a writ or writs issued directed to any
county or counties where the other defendants or either of them may be
found." These provisions, it will not be denied, are rightful subjects of
legislation. They are not vain and nugatory acts but are what are called
*enabling statutes*, authorizing writs in certain cases to go out of the
county. A fair construction of legislative will, would seem to forbid a
writ to go out of the county without express legislative authority.—
Nor are these the only enactments authorizing writs to go out of the
county. Subpœnas may issue in certain cases, provided the distance
is not more than fifty miles. Writs of execution may upon request be
directed to the proper officer of any county within this territory, Ib. p.
200. In actions of right a writ of summons may issue on certain con-
tingencies to any county in the territory. Ib. p. 420, *vide* also, p. 63,
s. 31 & 32.

There may be many other provisions in our statutes authorizing writs
to issue from one county to another; but in the absence of any enact-
ment the power of the court does not exists.

2. Nothing in favor of this power can be inferred from the Common
Law of England, but rather against it. There, all writs are supposed
to issue from the Lord Chancellor and run to every county in the
Kingdom. Here, they are issued by the court—not the court of the
territory nor the court of the district, but by "the District Court of
Iowa territory, within and for the county of Linn." Every county has
a distinct court, (read Organic Act. p. 35) and its jurisdiction in re-
gard to territorial extent is limited by the boundaries of the county unless
otherwise prescribed by statute.

It may be urged that the judgment is by confession. Plaintiff does
not so understand it. There is no confession; the clerk may have

crowded the word *confessed* into the judgment, but there is nothing in the proceedings on which he could predicate it. 'Tis true, the plea was withdrawn, but judgment should have been by default. An attorney could not confess a judgment for his client in any case without a warrant of attorney; in actions for tort every consideration of law and policy would seem to forbid it even if it were allowable in actions *ex contractu*. But the record shews affirmatively that by the proceeding had in the court at the time judgment was rendered, the plaintiff here waived no error. If defendant here did not like the terms upon which the case was concluded in the court below, he ought to have gone to trial and not accepted the judgement on the terms apparent of record.

Lowe, for the defendant in error.

Per Curiam, Mason, Chief Justice.—This was was an action of trespass *quare clausum fregit*. The injury is charged to have been committed in the county of Linn. The suit was commenced in that county but the capias was directed to the sheriff of Cedar county and by him returned, served. This is the only error assigned in the case.

The action is local and must therefore have been brought tn Linn county. Unless the process of the court of that county will in such cases run into the adjoining counties, the plaintiff below was remed'less, no matter how great the outrage, provided the defendant avoided being caught in Linn county. The court would be bound to go as far as any argument *ab inconvenienti*, could legitimately force it in sustaining the legality of the present procedure, for without this power many of the most atrocious injuries will be irreparable. · The perpetrator has only to avoid being arrested in the county where the outrage was committed until he is protected by the statute of limitations, and he may commit trespasses of this nature with impunity. What makes the matter still worse, is, that while the injured party is thus prevented from seeking his remedy, the statute of limitations does not cease to run against him, unless the aggressor shall be out of this territory. (See Laws of 1838-9, page 327). A strong appeal is thus made, if not to the courts at least to the legislature, to provide a remedy for a class of wrongs which in a country cut up into small counties like ours may be, quite numerous.

But we shall waive this question at present, its decision not being necessary in the present case. Admitting that the defendant below was wrongly arrested in the first instance, that error was, we think, cured

by the arrangement finally entered into by the counsel for the respective parties. Had the suit been commenced by summons, his appearance alone would have been a waiver of all antecedent objections. Such however, is not the case where the appearance is not voluntary. But here the defendant not only appeared by his counsel, but gave his consent through the same medium that a judgment for a specified amount should be rendered against him. This we think cured all defects and irregularities in the previous proceedings. It matters not whether this were a judgment by confession or not. It was at least a judgment by consent and for a fixed amount. It is fair to presume that the doubt as to the regularity of the previous proceedings operated upon the mind of the plaintiff below to induce him to accept of the amount agreed upon. The defendant stipulated for a six months stay of execution, of which he has already availed himself. It is an act of bad faith for him now to refuse to fulfil his agreement, to the perpetration of which the court will not lend itself. The judgment below will therefore be affirmed.

WILSON, JUSTICE.—To me it seems clear that the writ of capias ad respondendum was improperly issued by the clerk of the District Court of Linn county to the sheriff of Cedar county, that it should have been quashed when the motion to that effect was made in the District Court. The principles of the Common Law cannot apply in this case, because the legislative assembly has taken up the subject of issuing writs, and said when, how, and by whom, the process necessary for bringing defendants into court shall be issued and served, and we cannot look beyond the statutes for authority for issuing and serving them in a different manner. The District Court in each county is limited in its jurisdiction to the particular county in which the court exists, unless that jurisdiction is extended by some special statute. There is no statute which authorized the District Court of Linn county to extend its jurisdiction into Cedar county in this case. The Supreme Court have made similar decisions in Scammon's Rep. p. 34 & 416. The hardship and inconvenience which might result from this decision are arguments to be addressed to the legislative assembly and not to the courts. I concur, however, in the opinion of the other members of the court, that the plaintiff in error waived the objection, to the jurisdiction of the court, and that the agreement of the counsel gave the court jurisdiction.